IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LAVELL ROBERTS, ) | |
| # 01629756, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-2822-K-BH |
| ) | |
| DALLAS DA'S OFFICE, ET AL., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I. BACKGROUND**

Timothy Lavell Roberts (Plaintiff), an inmate in the Texas Department of Criminal Justice (TDCJ) Clements Unit, sues the Dallas District Attorney's Office (Office) as well as a former district attorney (DA) and two assistant district attorneys (ADAs) in their individual capacities under 42 U.S.C. § 1983[2] based on their roles and actions during his criminal prosecution for murder in 2010. (*See* doc. 3 at 1, 3-4; doc. 17 at 1-6, 8.)[3] He contends that the former DA is responsible as the "Senior DA head", and that she and the ADAs violated his due process rights to a fair trial and engaged in prosecutorial misconduct by using false eyewitness testimony, slandering him, and withholding exculpatory evidence to wrongfully convict him. (*See* doc. 3 at 3-4; doc. 17 at 1-6.)

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Although Plaintiff's cover letter characterized his filing as a petition for writ of habeas corpus, (*see* doc. 3 at 15), he later clarified that he is not seeking to file a habeas corpus petition in this case, (*see* doc. 17 at 1). He also submitted "Petition Tx. RRCP Rule 697," which summarily lists the Deceptive Trade Practices Act, the Federal Trade Commission Act, the Lanham Act, and the Texas Constitution as bases for his claims, in addition to the Sixth and Fourteenth Amendments. (*See* doc. 3 at 10-11.) None of the civil statutes are referenced in his complaint, his answers to a magistrate judge's questionnaire, or any of his other filings, however. (*See* doc. 3 at 3-4; docs. 4-10; doc. 17.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page.

Plaintiff seeks to overturn his murder conviction, which has not been set aside, reversed, or called into question, and he seeks monetary damages and release from custody. (*See* doc. 3 at 11-12; 17 at 3, 5-7, 9.)

## II. PRELIMINARY SCREENING

Because he is a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as the one for Fed. R. Civ. P. 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *see also Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language).

### III.  SECTION 1983

Plaintiff sues the defendant under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**   <u>***Heck v. Humphrey***</u>

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Where the issues are appropriate for early and final determination, however, consideration of whether *Heck* bars a plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Little v. Board of Pardons and Parole Division*, 68 F.3d 122, 123 (5th Cir. 1995) ("Even if a

3

complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis.")(citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

Here, Plaintiff concedes that his murder conviction has not been set aside, reversed, or called into question. (*See* doc. 17 at 7.)[4] Although his claims appear to be barred by *Heck* because their success would imply the invalidity of his conviction, consideration of whether *Heck* bars those claims is not required because his claims are appropriate for early and final determination.

**B.    Non-Jural Entity**

Despite being advised that Office was a non-jural entity that was not subject to suit and given the opportunity to name different defendants, Plaintiff appears to seek to proceed with his claims against it. (*See* doc. 17 at 2.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Office is not a jural entity that may be sued. *See Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a

---

[4] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

district attorney's office as a non-jural entity); *Dixson v. Dallas County Sheriff's Office*, No. 13-CV-4198-M, 2013 WL 6188225, *1 (N.D. Tex. Nov. 26, 2013) (finding that the Dallas County District Attorney's Office did not have a separate legal existence for purposes of suit); *Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb.17, 2009)) (finding that the Dallas County District Attorney's Office is not a jural entity); *Smithback v. Texas*, No. 3:07-CV-0288-M, 2007 WL 1518971, at *13 (N.D. Tex. May 24, 2007) (same); *Stephens v. Dist. Atty. of Dallas Cnty.*, No. 3:04-CV-l700-M, 2004 WL 1857085, at *3 (N.D. Tex. Aug. 19, 2004) (same), *recommendation accepted*, 2004 WL 1969403 (N.D. Tex. Sept. 7, 2004); *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002) (same). Plaintiff's claims against Office are subject to dismissal on this basis.

**C.  Supervisory Liability**

Plaintiff expressly sues the DA in her individual capacity, but he names her as the "Senior DA head".  (*See* doc. 17 at 3.)

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir.2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir.2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id*. A plaintiff

5

cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir.1984); *Blakely v. Andrade*, 360 F.Supp.3d 453, 488–89 (N.D. Tex. 2019).

To the extent Plaintiff sues the DA solely based on her role as the head of Office, he fails to state a claim against her.

### D. Prosecutorial Immunity

Plaintiff sues the ADAs in their individual capacities based on their roles in his prosecution, and he appears to allege that the DA was also personally involved. (*See* doc. 17 at 3-6.)

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). They are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, Plaintiff has not alleged that DA or the ADAs acted other than in their adjudicative roles as prosecutors. Because all of the acts of which he complains were taken during the course and scope of their duties as prosecutors, they are entitled to prosecutorial immunity from Plaintiff's claims against them. *See Imbler*, 424 U.S. at 423.[5]

### E. Habeas Relief

Finally, Plaintiff also seeks to "overturn" his murder conviction. (*See* doc. 17 at 3, 5-7.)

---

[5] To the extent that Plaintiff's filings may be liberally construed as also asserting civil claims against the DA and ADAs under the statutes listed in his state petition, (*see* doc. 3 at 10-11), a mere listing of statutes is insufficient to state a plausible claim. *See Twombly*, 550 U.S. at 555 (a plaintiff must provide "more than labels and conclusions").

Habeas relief is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his request for relief from his conviction.

### IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Because Plaintiff already responded to a questionnaire, he has plead his best case.

His claims against the individual defendants are also barred by prosecutorial immunity. Leave to amend is not warranted.

## V.  RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[6]

**SO RECOMMENDED**, this 23rd day of January, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE