IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LAVELL ROBERTS, ) | |
|     # 01629756, ) | |
|         Plaintiff, ) | |
| vs. ) | No. 3:22-CV-2822-K-BH |
| ) | |
| DALLAS DA'S OFFICE, ET AL., ) | |
|         Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's post judgment filing, received on February 21, 2023, should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**I.  BACKGROUND**

Timothy Lavell Roberts (Plaintiff), an inmate in the Texas Department of Criminal Justice (TDCJ) Clements Unit, sued the Dallas District Attorney's Office (Office) as well as a former district attorney (DA) and two assistant district attorneys (ADAs) in their individual capacities under 42 U.S.C. § 1983[2] based on their roles and actions during his criminal prosecution for murder in 2010. (*See* doc. 3 at 1, 3-4; doc. 17 at 1-6, 8.)[3] He contended that the former DA was responsible as the "Senior DA head", and that she and the ADAs violated his due process rights to a fair trial and engaged in prosecutorial misconduct by using false eyewitness testimony, slandering him, and

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Although Plaintiff's cover letter characterized his filing as a petition for writ of habeas corpus, (*see* doc. 3 at 15), he later clarified that he is not seeking to file a habeas corpus petition in this case, (*see* doc. 17 at 1). He also submitted "Petition Tx. RRCP Rule 697," which summarily lists the Deceptive Trade Practices Act, the Federal Trade Commission Act, the Lanham Act, and the Texas Constitution as bases for his claims, in addition to the Sixth and Fourteenth Amendments. (*See* doc. 3 at 10-11.) None of the civil statutes are referenced in his complaint, his answers to a magistrate judge's questionnaire, or any of his other filings, however. (*See* doc. 3 at 3-4; docs. 4-10; doc. 17.)

[3]  Citations to the record refer to the CM/ECF system page number at the top of each page.

withholding exculpatory evidence to wrongfully convict him. (*See* doc. 3 at 3-4; doc. 17 at 1-6.) Plaintiff sought to overturn his murder conviction, which has not been set aside, reversed, or called into question, as well as monetary damages and release from custody. (*See* doc. 3 at 11-12; 17 at 3, 5-7, 9.) On January 23, 2023, it was recommended that the complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted because apart from being barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff sued a non-jural entity and immune defendants, and he sought habeas relief. (*See* doc. 18.) The recommendation was accepted on February 7, 2023, and judgment was entered on that date. (*See* docs. 19, 20.)

On February 21, 2023, Plaintiff's three-sentence filing was received, which states in relevant part, "Application to respond by filing a 'specific objection' to the effect and disputing in Northern District of Texas." (*See* doc. 21.)

## II.  RULE 59(e)

Plaintiff's filing appears to challenge the judgment in this case, and it was received within 28 days of its entry, so it is properly construed as arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A.,

2

867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff's filing fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. It provides no grounds to justify relief under Rule 59(e).

### III. RECOMMENDATION

Plaintiff's filing should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**SO RECOMMENDED**, this 28th day of February, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE